**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BARBARA A. PEREZ AND OTHERS
SIMILARLY SITUATED,**

        **Plaintiffs,**

**-vs-**        Case No. 6:08-cv-877-Orl-28DAB

**LCM INVESTMENTS, INC., DELTA
DRIVERS SERVICE, INC., AVIS
BUDGET GROUP, INC.,**

        **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 65)**
>
> **FILED:** January 23, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.
>
> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 57)**
>
> **FILED:** December 9, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. *See* Doc. No. 65 (containing settlement on behalf of these Defendants).

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 58-2), Plaintiff was employed as a driver by Defendant Delta Drivers, Inc., who provides auto transport for Avis Budget Group, Inc., from January 19, 2007 to June 2007. Plaintiff sought $3,350 for 50 weeks times 20 hours per week of overtime. Doc. No. 58-2. The settlement to Plaintiff of $3,350 represents *all* of the unpaid wages Plaintiff sought.

Defendant Avis Budget Group, Inc.'s response (in lieu of a "Verified Summary of Hours") states that Plaintiff was not employed by Avis Budge Group, thus it has not time records for her. Doc. No. 38. The other Defendants LCM and Delta Drivers Service, Inc. did not file answers or verified

summaries either, and Plaintiff moved for default against them. Doc. No. 57. However, these Defendants are included in the settlement. *See* Doc. No. 65-2.

The parties have agreed that Defendant will pay Plaintiff's attorneys $1,290 in attorney's fees and costs, which the court estimates at $500 for the filing fee and service of process on three Defendants. Doc. No. 12. The Court finds that for a total of $890 in fees, at an estimated hourly rate of $300, Plaintiff's counsel would have devoted approximately 3 hours to Plaintiff's case. The amount of time spent was consistent with or less than that spent in similar FLSA cases. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

The settlement to Plaintiff of $3,350 for unpaid wages and $1,290 for attorney's fees and costs is a fair and reasonable settlement. Accordingly, it is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues and the Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice (Doc. No. 65) be **GRANTED**; and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 26, 2009.

          *David A. Baker*
          DAVID A. BAKER
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy